IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

------------------------------------------------------------------------x

LUIS DIOU-BERDECIA,

          Plaintiff,    **COMPLAINT**

  -against-

MIKE FASANO, TAX COLLECTOR FOR  Jury Trial Demanded
PASCO COUNTY; OFFICE OF THE TAX
COLLECTOR, PASCO COUNTY,

          Defendants.

------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. Plaintiff brings this employment discrimination action against his former employer, Mike Fasano, the Tax Collector for Pasco County and/or the Office of the Tax Collector for Pasco County, alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, and the Florida Civil Rights Act, Fla. Stat. § 760.10 ("FCRA"). Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343, as this action asserts violations of the ADA and the Rehabilitation Act, and therefore raises federal questions regarding the deprivation of plaintiff's rights.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his claims brought pursuant to the FCRA, which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b) and (c) because defendants are located in this District in Pasco County, and the incident in question occurred in Pasco County.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## ADMINISTRATIVE REQUIREMENTS

6. Plaintiff timely filed an administrative charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). This charge was dual filed with the Florida Commission on Human Relations pursuant to its work share agreement with the EEOC.

7. The EEOC issued plaintiff a right to sue letter on October 25, 2022, allowing him to bring suit within 90 days of her receipt of the letter. The EEOC did not make a finding as to the merits of the charge.

## PARTIES

8. Plaintiff is a resident of the State of Florida.

9. The office of the county tax collector is mandated by the Florida Constitution. The tax collector is an independent elected county official and a special agent of the State of Florida. Plaintiff worked at defendants' office located at 4135 Land O'Lakes Boulevard in Land O'Lakes, Florida.

## STATEMENT OF FACTS

10. Plaintiff was employed by defendants as a safety agent and road tester from July 13, 2022 until his discriminatory and retaliatory termination on September 26, 2022. Plaintiff worked at defendants' office located at 4135 Land O'Lakes Boulevard in Land O'Lakes, Florida.

11. At all relevant times, plaintiff performed his job responsibilities at a satisfactory level and was qualified for his position. Plaintiff's disability -- chronic plantar fasciitis -- substantially impairs one or more of plaintiff's major life functions. Plaintiff's plantar fasciitis was deemed military service connected. Plaintiff also suffers from degenerative disc disease and left foot peripheral neuropathy.

12. For conduct occurring on or after January 1, 2009, the meaning of "disability . . . shall be construed in favor of broad coverage," 42 U.S.C. § 12102(4)(A), and "[t]he term 'substantially limits' shall be construed broadly in favor of expansive coverage," 29 C.F.R. § 1630.2(j)(1).

13. Further, at all relevant times, plaintiff was "regarded as disabled" by defendants and plaintiff had a record of the impairment at issue.

14. Therefore, plaintiff is a qualified individual with disabilities under the federal and state disability discrimination laws.

15. Defendants were aware of plaintiff's disability at all relevant times.

16. On July 25, 2022, defendants, through a manager and supervisor, questioned why plaintiff was wearing special shoes, which plaintiff wears for his disability. Although the shoes were similar to what plaintiff's co-workers were wearing, defendants asked plaintiff for medical documentation and required plaintiff to change his shoes.

17. On September 23, 2022, defendants, through a manager and supervisor, asked plaintiff to walk a heavy sign approximately a quarter mile down a road. Plaintiff informed defendants that his disability rendered him unable to perform this task, and that it was not part of his written job description and that he was not told when he was hired that he would be required to do this.

18. Plaintiff informed another supervisor and the Director of Security Agents about the issue and was told defendants would get back to him.

19. On September 26, 2022, after plaintiff completed his shift, plaintiff's direct supervisor told plaintiff to come into his office and terminated plaintiff for allegedly not completing tasks that were asked of him.

20. There were other employees who worked with plaintiff who refused to move the sign because it was heavy, but they were not terminated. These employees were not disabled.

21. Defendants terminated plaintiff because of his disability, because defendants regarded plaintiff as disabled, and because plaintiff had a record of a disability.

22. Further, plaintiff was terminated because plaintiff engaged in the protected activity of asking for a reasonable accommodation regarding his shoes and inability to carry heavy objects, and for advocating for himself as a person with a disability.

23. As a result of the defendants' actions, plaintiff suffered emotional distress, embarrassment, humiliation, anxiety, damage to his personal and professional reputation, and financial loss.

## FIRST CLAIM

### (Disability Discrimination under the ADA)

### (Against all Defendants)

24. Plaintiff repeats the foregoing allegations.

25. Defendants discriminated against plaintiff with respect to the terms and conditions of his employment on the basis of his disability, record of impairment, and what defendant regarded as a disability, in violation of the ADA.

26. Because the individuals who perpetrated the discrimination were managers and supervisors, their conduct is imputed to defendants.

27. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

28. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### (Disability Discrimination under the Rehabilitation Act)

### (Against all Defendants)

29. Plaintiff repeats the foregoing allegations.

30. Defendants discriminated against plaintiff with respect to the terms and conditions of his employment on the basis of his disability, record of

impairment, and what defendant regarded as a disability, in violation of the Rehabilitation Act.

31. Because the individuals who perpetrated the discrimination were managers and supervisors, their conduct is imputed to defendants.

32. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

33. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

### (Retaliation under the ADA)

### (Against all Defendants)

34. Plaintiff repeats the foregoing allegations.

35. Defendants retaliated against plaintiff in violation of the ADA because plaintiff engaged in the protected activity of advocating for himself as a disabled person and requesting an accommodation for his disability.

36. Because the individuals who perpetrated the retaliation were managers and supervisors, their conduct is imputed to defendants.

37. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

38. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

### (Retaliation under the Rehabilitation Act)

### (Against all Defendants)

39. Plaintiff repeats the foregoing allegations.

40. Defendants retaliated against plaintiff in violation of the Rehabilitation Act because plaintiff engaged in the protected activity of advocating for himself as a disabled person and requesting an accommodation for his disability.

41. Because the individuals who perpetrated the retaliation were managers and supervisors, their conduct is imputed to defendants.

42. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

43. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

### (Disability Discrimination under the FCRA)

### (Against all Defendants)

44. Plaintiff repeats the foregoing allegations.

45. Defendants discriminated against plaintiff with respect to the terms and conditions of his employment on the basis of his disability, record of impairment, and what defendant regarded as a disability, in violation of the FCRA.

46. Because the individuals who perpetrated the discrimination were managers and supervisors, acting within the scope of their employment, their conduct is imputed to defendants.

47. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

48. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

### (Retaliation under the FCRA)

### (Against all Defendants)

49. Plaintiff repeats the foregoing allegations.

50. Defendants retaliated against plaintiff in violation of the FCRA because plaintiff engaged in the protected activity of advocating for himself as a disabled person and requesting an accommodation for his disability.

51. Because the individuals who perpetrated the retaliation were managers and supervisors, acting within the scope of their employment, their conduct is imputed to defendants.

52. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

53. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Back and front pay;

    d.    Attorney's fees and costs;

    e.    Prejudgment and other lawful interest;

    f.    Such other and further relief as the Court may deem just and proper.

DATED:  November 24, 2022

                                        */s/ Richard Cardinale*

                                        _____
RICHARD CARDINALE (FBN 143332)
Attorney at Law
26 Court Street, Suite # 1507
Brooklyn, New York 11242
(718) 624-9391(o)
(917) 685-2853 (c)
richcardinale@gmail.com
website: richardcardinalelaw.com